IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICAH BORGES                                                                            PLAINTIFF

V.                                          NO. 11-5026

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for SSI on June 12, 2008, alleging an inability to work since January 14, 2008, due to a neurological disorder. (Tr. 132, 136). An administrative hearing was held on November 23, 2009, at which Plaintiff appeared with counsel, and he and his grandmother testified. (Tr. 7-36).

By written decision dated December 15, 2009, the ALJ found Plaintiff suffered from the

following severe impairments - anxiety induced seizures and bipolar disorder. (Tr. 46). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 46). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can only do work where interpersonal contact is routine but superficial, where the complexity of tasks is learned by experience, where several variables exist and judgment is used within limits, and where supervision is little for routine tasks but detailed for nonroutine tasks. Furthermore, the claimant must avoid hazards, including moving machinery and unprotected heights.

(Tr. 47-48). With the help of a vocational expert (VE), the ALJ determined that there were jobs that existed in the national economy that Plaintiff would be able to perform, such as hand packager; merchandise/price marker; and routing clerk/package mail sorter. (Tr. 51).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 3, 2010. (Tr. 1-3). In an Order of the same date, the Appeals Council also included in the record the brief of Plaintiff's representative and medical records from Ozark Guidance, Inc., dated February 10, 2009, to November 16, 2009, which are part of the record this Court must review to determine whether the ALJ's decision is supported by substantial evidence. Samons v. Astrue, 497 F. 3d 813, 820 (8th Cir. 2007). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have consented to the case being decided by the undersigned. (Doc. 7). Briefs have been filed by the parties and the matter is now ripe for determination. (Docs. 9, 10).

AO72A
(Rev. 8/82)

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a

claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the Appeals Council had before it medical records from Ozark Guidance Center, Inc., dated February 10, 2009 to November 16, 2009. (Tr. 5). In its notice of action, the Appeals Council stated that in looking at the case, they considered the reasons Plaintiff disagreed with the decision and the additional evidence listed on the Order of Appeals Counsel, and denied Plaintiff's request for review. (Tr. 1).

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence. Id.; Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995).

The new evidence submitted to the Appeals Council reflects the following: On March

19, 2009, Dr. Ardell William Diessner, of Ozark Guidance Center, Inc., diagnosed Plaintiff with Bipolar Disorder, Obsessive Compulsive Disorder, and Post Traumatic Stress Disorder, and gave Plaintiff a GAF score of 20. (Tr. 455). On March 26, 2009, Dr. Diessner gave Plaintiff a GAF score of 40. (Tr. 457). On April 9, 2009, Dr. Diessner reported that Plaintiff's mood swings were high for about three hours then really low for three hours, and he was then exhausted. (Tr. 458). Plaintiff reported that he was still having flashbacks during the day. Dr. Diessner gave Plaintiff a GAF score of 40. (Tr. 458). On May 7, 2009, Dr. Diessner noted that Plaintiff's mood disorder/bipolar and post traumatic stress disorder symptoms were apparent, and gave Plaintiff a GAF score of 40. (Tr. 461). On June 18, 2009, Dr. Diessner gave Plaintiff a GAF score of 50. (Tr. 462).

On June 15, 2009, Dr. Edwin C. Jones, of Ozark Guidance Center, Inc., reported that Plaintiff came in "on crisis with a movement disorder that started abruptly, consisting of shaking of the head," and diagnosed Plaintiff with bipolar disorder and pseudoseizures. (Tr. 465). Dr. Diessner reported on July 30, 2009, that Plaintiff was a little more settled with the increased dose of Lamictal, and diagnosed him with bipolar disorder and post traumatic stress disorder, and gave Plaintiff a GAF score of 50. (Tr. 466). On October 19, 2009, Dr. Brian Mooney, of Ozark Guidance Center, Inc., reported that Plaintiff said he had a run of conversion seizures, about 15 of them the previous month, and that it disturbed his teachers at the University of Arkansas. (Tr. 474). Dr. Mooney diagnosed Plaintiff with conversion disorder - seizures, bipolar disorder nos., post traumatic stress disorder, and obsessive compulsive disorder, and gave Plaintiff a GAF score of "60/60." (Tr. 475).

The only Mental RFC Assessment in the record is one from a non-examining consultant,

Dr. Winston Brown, dated September 4, 2008. (Tr. 336-339). Based upon the newly admitted medical records from the Ozark Guidance Center, Inc., and the low GAF scores (in 2009, Dr. Diessner gave Plaintiff GAF scores of 20, 40 (three times) and 50 (two times)), the Court believes that had the ALJ had this later information before him, the outcome may have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence and to address the diagnoses of bipolar disorder, obsessive compulsive disorder, and post traumatic stress disorder. The Court further recommend s that the ALJ obtain a Mental RFC Assessment from a treating physician from Ozark Guidance Center, Inc. The ALJ should then re-evaluate plaintiff's RFC and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**V.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of May, 2012.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE