IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICAH BORGES                                                            PLAINTIFF

V.                                        NO. 11-5026

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

**O R D E R**

      Plaintiff, Micah Borges, appealed the Commissioner's denial of benefits to this Court. On May 18, 2012, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. 10). Plaintiff now moves for an award of $ 3,241.28 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 20.95 attorney hours of work performed before the Court in 2011 and 2012, at an hourly rate of $152.00. (Doc. 11-1). Defendant has filed a response, stating that he does not oppose the requested hourly rate or hours sought. (Doc.16).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

      In determining a reasonable attorney's fee, the Court will in each case consider the

AO72A
(Rev. 8/82)

following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $152.00 for 20.95 hours, which he asserts were devoted to the representation of Plaintiff in this Court. The

party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-Urban in support of his requested hourly rate. Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI -South index supports an award based upon an hourly rate of $152.00.[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

Plaintiff's counsel requests .50 hours for service of the complaint. The Court believes this task is clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court will therefore deduct .50 hours.

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2010 - 211.338 x 125 divided by 152.4 (March 1996 CPI-South)= $173.34/hour - $173.00
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South)= $174.28/hour - $174.00
2012 - 219.469  x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00

AO72A
(Rev. 8/82)

Plaintiff's counsel seeks 2.00 hours for preparation of the EAJA petition, memorandum and exhibits, and filing of said application. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court will deduct 1.00 hour from the time claimed.

Plaintiff's counsel seeks 15.7 hours for review of the 365 page transcript and preparation of the brief. Plaintiff's counsel is an experienced social security attorney, and reviewing the 365 page transcript and preparing the appeal brief should not have taken him more than 12 hours. Accordingly, the amount of 3.7 hours will be deducted.

Plaintiff's counsel seeks 26.25 in photocopying costs. The EAJA expressly allows for the recovery of costs "[e]xcept as otherwise specifically provided by statute[.]" 28 U.S.C. § 2412(a)(1). The statute governing IFP proceedings provides in pertinent part that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred." 28 U.S.C. § 1915(f)(1). Courts in the Eastern and Western Districts of Arkansas have distinguished costs from expenses and have held that the § 1915(f)(1)'s prohibition against the award of costs to IFP litigants includes only those items expressly listed as "costs" under 28 U.S.C. § 1920. See Chandler v. Astrue, Civil No. 10-5207, 2012 WL 1686653 at *3 (W.D. Ark. May 15, 2012); Payne v. Astrue, No. 3:10CV00133-JTR, 2012 WL 1606034 (E.D. Ark. May 8, 2012); Jones v. Barnhart, No. 1:02CV00042JFF, 2004 WL 2297857 (E.D. Ark. 2004). Items not enumerated in § 1920 may be considered expenses and recoverable against the United States under the EAJA. Since copying fees are specifically enumerated in § 1920 as costs, Plaintiff is not entitled to recover the $26.25 in copying costs.

Postage fees are not classified as costs under § 1920, and are, therefore, recoverable under the EAJA as expenses. The Court finds $30.63 claimed for postage expenses is reasonable and will be awarded. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an attorney's fee under the EAJA for: 15.75 attorney hours in 2011 and 2012 ( 20.95 hours less 5.2 hours) at an hourly rate of $152.00, for a total attorney's fee award of $2,394.00, plus $30.63 in postage expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 31st day of January, 2013.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)